IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV85-01-MU

WILLIAM RAYENARD FULTON, )
)
    Plaintiff, )
)
v. )
) **O R D E R**
OFFICER DANIELS, )
)
    Defendant. )
)

**THIS MATTER** comes before the Court upon an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed July 23, 2009.

In his Complaint Plaintiff alleges that on January 27, 2009, when he was being escorted to the shower in full restraints, Defendant Daniels, a correctional officer, pushed him to walk faster and then when Plaintiff could not do so because of his shoes, Defendant Daniels pushed him to walk faster. Plaintiff states that in response to the push he braced himself and was then told by Defendant Daniels not to resist. Plaintiff states that Defendant Daniels then slammed him into a wall.

Even assuming Plaintiff's version of the events on January 27, 2009, to be true, the facts simply do not support a constitutional claim of excessive force. In order to state an excessive force claim, a plaintiff must establish that he received more than a *de minimus* injury. Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997)(en banc)(relying upon Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979)); Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998)(en banc). The *de minimus* requirement reflects the reality of the custodial setting which indicates that "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial

detainees against 'cruel and unusual punishment' and against 'excessive force that amounts to punishment." Riley, 115 F.3d at 1167. For this same reason, the Fourth Circuit has noted that "inherent in the Eighth and Fourteenth Amendments is the principle that not every malevolent touch by a prison guard gives to rise to a federal cause of action. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoners constitutional rights." Riley, 115 F.3d at 1167.

While Plaintiff alleges that Defendant Daniels slammed him into a wall, he does not specify any precise injury that he suffered as a result of this alleged action. In fact, Plaintiff makes no allegation that he required any medical attention at all. Given the description of the incident provided by Plaintiff himself, the Court finds it difficult to imagine that such conduct would, or did, result in anything more than a *de minimus* injury. Consequently, Plaintiff has failed to carry his burden and his claim fails as a matter of law. See Riley, 115 F.3d at 1167-68 (plaintiff's claim failed as a matter of law despite allegations that he suffered pain from cuffs, pain and welt from slap, fear for life and safety as well as nightmares and depression where despite a large volume of complaints there was no mention of injury related to incident); Taylor, 155 F.3d at 483-86 (plaintiff's claim failed as a matter of law despite allegations that police hit him in the back, punched his ribs, placed knee in lower part of his back, while grabbing his head and pulling it backward until his back popped and shoved a wooden object into his nose with such force that his nose hemorrhaged where his medical records showed Plaintiff was only treated for abrasions on his wrists and ankles, slight swelling in jaw area, tenderness in some ribs and some excoriation of mouth and therefore did not substantiate Plaintiff's claims of injury).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED.**

Signed: July 27, 2009

Graham C. Mullen
United States District Judge